UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIDA FERNANDEZ,

        Plaintiff,

v.                                               Case No.  5:07-cv-359-Oc-10GRJ

PILOT TRAVEL CENTERS, LLC,

        Defendant.
_____

# **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff's Motion To Remand and Memorandum in Support. (Doc. 7.) Defendant has filed a Response And Incorporated Memorandum of Law In Opposition To Plaintiff's Request For Attorney's Fees in Plaintiff's Motion To Remand (Doc. 9) and the matter is, therefore, ripe for the Court's consideration. For the reasons discussed below, Plaintiff's Motion to Remand (Doc. 7) is due to be **GRANTED** but Plaintiff's request for attorney's fees is due to be **DENIED**.

## **I. BACKGROUND AND FACTS**

On July 25, 2007, Plaintiff filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida alleging a claim for retaliation under the Florida Civil Rights Act of 1992.[2] According to the allegations contained in Plaintiff's Complaint (Doc. 2), Plaintiff claims that she engaged in statutorily protected activity by reporting

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Fla. Stat. §§ 760.01 *et. seq.* (2007).

sexually harassing behavior at the workplace for which she was subsequently terminated.

Defendants removed the case to this Court on September 4, 2007, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 asserting that this case falls within the Court's diversity jurisdiction because Plaintiff is a citizen of the State of Florida and Defendant is a Delaware limited liability company that maintains a principal place of business in the State of Tennessee and that the amount in controversy more likely than not will exceed the sum of $75,000, exclusive of interest and costs.

On September 27, 2007 Plaintiff filed the instant Motion to Remand arguing that the case should be remanded to state court because the Defendant did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. In addition to requesting remand of the case, Plaintiff also requests that the Court award attorney's fees and costs to Plaintiff because Defendant's removal of the case was improper.

Defendant's counsel represents that before the Motion to Remand was filed, he conferred with counsel for Plaintiff and agreed that remand to state court was appropriate. According to Defendant, despite the fact that Defendant advised Plaintiff it did not oppose remand, Plaintiff's counsel went ahead and filed the instant Motion to Remand and requested an award of attorney's fees. In its Response, Defendant advises that it does not oppose the entry of an order remanding this action but that it does oppose Plaintiff's request for attorney's fees.

**II. DISCUSSION**

Because the Defendant does not oppose Plaintiff's request to remand this action, the only disputed issue the Court must address is whether Plaintiff is entitled to an award of just costs and any actual expenses, including attorney's fees, as a result of the removal.

The starting point for the analysis is the removal statute, which provides in relevant part that "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[3] Thus, the Court has the authority but not the obligation to include an award of attorney's fees in an order remanding a case to state court.

The standard for determining whether attorney's fees should be included in an order remanding an action under §1447(c) has been resolved by the Supreme Court. In *Martin v. Franklin Capital Corp.*[4] the Supreme Court resolved a split among the circuits and set forth the appropriate analysis for evaluating § 1447(c) awards. The *Martin* court held that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[5] The *Martin* court explicitly rejected the notion that the statute created a

---

[3] 28 U.S.C. § 1447(c).

[4] 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

[5] *Id.* 546 U.S. at 141, 126 S.Ct. at 711.

presumption in favor of awarding fees.[6] "The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'"[7] Thus, simply because a court later determines that removal was inappropriate does not mean that the court is required to award attorney's fees.[8]

Although *Martin* established the objectively reasonable standard for awarding attorney's fees for a remand under § 1447(c), the Court did not define "objectively reasonable" because the parties there had agreed that the defendant's basis for removal was reasonable. Since *Martin* was decided courts have used a variety of approaches in determining whether removal by a defendant was objectively reasonable. Some courts have examined the clarity of the law at the time the notice of removal was filed,[9] other courts have focused upon whether the plaintiff delayed in seeking remand[10] and others have focused upon whether there was an improper purpose, such as

---

[6] Bauknight v. Monroe County, 446 F.3d 1327, 1329 (11th Cir. 2006).

[7] *Id.* (*Citing* Martin 126 S.Ct. at 711).

[8] Valdez v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000)("Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.")

[9] *See,* Lott v. Pfizer, 492 F.3d 789, 792 (7th Cir. 2007)

[10] *See,* Associates National Bank v. Erum, 206 Fed. Appx. 666 (9th Cir. 2006).

prolonging litigation or imposing costs.[11] Although no bright line rule emerges, courts that have applied the *Martin* standard seem to focus upon whether the removing party has offered a credible reason for removal, even if it turns out by subsequent events that the removing party was wrong on the facts or was wrong on the law.

Defendant's objective reason supporting removal focuses upon the affirmative allegations in Plaintiff's complaint at the time of removal. Plaintiff expressly requested in her complaint compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses, back pay, including the economic value of lost employment benefits and interest on back pay, front pay, including interest on front pay, reasonable attorney's fees (including expert fees), costs, and punitive damages. Notably, with regard to the claims for compensatory and punitive damages, under the Florida Civil Rights Act compensatory damages are unlimited and there is a cap on punitive damages in the sum of $100,000.00.[12] Therefore, on the face of the complaint the damages requested by Plaintiff were broad, varied and not limited by law.

While the better practice would have been to utilize available state court discovery to document the claimed damages, the fact that Plaintiff, an employee of Defendant, requested the full spectrum of damages provides an objective basis for Defendant's decision to remove the action.[13] Moreover, it is evident that Defendant's

---

[11] *See, e.g.* Fresno Community Hospital v. UFCW Employers Benefit Group Plan, 2006 WL 3850734 (E.D. Cal. 2006).

[12] Fla. Stat. § 760.11(5).

[13] *C.f.* Nakagoshi v. Mitsukoshi USA, 2006 WL 532110 (M.D. Fla. 2006).

decision to remove the action was not prompted by an improper purpose to delay the proceedings or to force Plaintiff to incur costs, as evidenced by the fact that the Defendant discussed the claimed damages with Plaintiff's counsel shortly after the action was removed, and when it became apparent that the damages were more limited than originally suspected, Defendant agreed not to oppose remand.

Plaintiff, on the other hand, suggests that the removal was frivolous and not objectively reasonable, focusing almost exclusively upon the settlement discussions between the parties. While settlement discussions may be relevant to the determination of the amount in controversy a settlement offer by a defendant pre-dating removal has little bearing upon whether the Defendant's decision to remove the action was objectively reasonable.[14] The fact that the highest settlement offer made by Defendant was only $3,000 is largely irrelevant because a variety of factors unrelated to damages may inform a defendant's decision to make a settlement offer, including an assessment that liability is thin.

Lastly, Plaintiff's reliance upon her settlement demand of $27,000 as evidence that removal was not objectively reasonable ignores the fact that Plaintiff's settlement demand was made on September 25, 2007, *after* Defendant already had removed the action. Post removal events normally are not relevant to determining the amount in controversy and would be even less relevant to the determination of whether at the time of removal the Defendant had an objectively reasonable basis for removing the action.

---

[14] *See,* Shafizadeh v BellSouth Mobility, LLC, 189 Fed.Appx.410, 413 (6th Cir. 2006)(rejecting argument that it was objectively unreasonable to remove action where Defendant knew pre-removal settlement discussions concerned an amount below $75,000.)

Accordingly, for these reasons, the Court finds that under these circumstances Defendant's removal was objectively reasonable and the Plaintiff has failed to present any unusual circumstances to justify departing from *Martin's* requirement that objective unreasonableness must be established for costs and attorney's fees to be included in an order remanding an action to state court.

### III. **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 7) should be **GRANTED** and this action should be **REMANDED** to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, but that Plaintiff's request for attorney's fees and costs should be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on October 23, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:

    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record